Mathews, J.
delivered the opinion of the court. Cavenagh, the plaintiff in the court below, and now appellee, instituted this suit on two instruments of writing, made in his favour by the defendant and appellant, on the 13th July, 1821. In one, he promises to deliver to the plaintiff, on or before the first day of June next, ensuing the date of said instruments, a sound and likely negro boy, aged between the years of twenty and twenty-five; which ne *307 gro boy is valued at $1200. The other contains a promise to take up and pay off $800 of Cavenagh’s paper, &c.
West'n District.
Sept. 1822.
It is agreed, that the judgment of the district court is correct, so far as founded on the last of these instruments; which will, therefore, not be noticed.
The facts of the case, as they appear in the record, show that these promises were made to be fulfilled in payment of the price of a tract of land, purchased by the defendant from the plaintiff, being $2000. In the act of sale, the mode of payment is stipulated, and corresponds with the collateral promise; except, that the expression in the former is, (in relation to the negro) that he is to be valued at $1200; and in the latter,he is valued that sum.
From the tenor of the act of sale, and promise to deliver the negro, taken together, we are clearly of opinion, that the price of $1200 was agreed on, and fixed by the parties to the contract, as the value of a negro, such as is described in said agreement. The expression, to be valued, when taken in conjunction with the words of promise, in the collateral instrument, clearly mean to be received, or counted at that price. The obligation of *308 the promisor would be fully discharged by the delivery of a negro, corresponding with the description contained in the promise; and he insists, that he has fulfilled his engagement by a tender of such a one, made to the appellee, some time in the month of December last, and shortly previous to the final period limited in his contract.
To support this plea of tender, he relies, principally, on the act of 1821, entitled “an act concerning tenders of payment;” which, he contends, has repealed the rules on the subject of tenders of payment and consignment, as laid down in the Civil Code, 292.
We are of opinion with the counsel for the appellee,that the act of 1821 relates exclusively to cases where suit is actually commenced, and is intended by the legislature to operate principally on costs, or fraix de justice; but leaves the law as it formerly stood, in relation to the entire discharge of the debt or obligation. Indeed, the defendant has not, in the present case, brought himself within the rules prescribed by either of the laws, as his tender is not supported by the testimony of two witnesses.
It is, however, the opinion of the court, that *309 he has shown such willingness to fulfil his promise, according to its real meaning, by the offer which he made to deliver a certain negro of the description required by said promise, as appears from the testimony, that he ought not to be compelled to pay damages for the delay.
Thomas for the plaintiff, Oakley for the defendant.
It would not have been necessary to examine the pretensions of the appellee, had he not claimed a reversal of the judgment, in his answer on the appeal.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs, to be paid by the appellant.